IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-67,563-01






EX PARTE JAVIER FRANCISCO CASILLAS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 11727-A IN THE 118TH DISTRICT COURT


FROM HOWARD COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to a jury and was
convicted of evading arrest and sentenced to ten (10) years' imprisonment. He did not appeal his
conviction.

 Applicant contends that his trial counsel rendered ineffective assistance because counsel: (a) 
failed to subpoena witnesses requested by Applicant, stating there was not enough time; and (b)
failed to investigate and present a booking video which would have confirmed Applicant's assertions
and testimony that police officers had injured him by jabbing a gun into his ear and his side during
the arrest.

 Finding that Applicant had alleged facts that, if true, might entitle him to relief, this Court
entered a remand order. Strickland v. Washington, 466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d
791,795-96 (Tex. Crim. App. 2000). In compliance with the remand order, the trial court provided
Applicant's trial counsel with an opportunity to respond to Applicant's claim of ineffective
assistance of counsel. Tex. Code Crim. Proc. art. 11.07, § 3(d). 

 Counsel filed an affidavit responding to part of this Court's remand order. In his affidavit
counsel explained why he did not move for a continuance or request warrants when an eyewitness
who had been subpoenaed failed to appear. He also stated summarily that no reasonable request of
Applicant was declined. However, he did not explain whether or why he failed to subpoena
witnesses requested by Applicant. He also failed to explain whether or why he did not investigate
and present a booking video that would have confirmed Applicant's testimony concerning his
treatment upon arrest. Instead, counsel stated that Applicant did not request "a subpoena for any
'booking or video' tapes." This statement did not address counsel's professional obligation to make
reasonable investigations and strategic decisions on behalf of his client.

 Therefore additional facts are still needed. The trial court shall provide Applicant's trial
counsel with another opportunity to respond to Applicant's claim of ineffective assistance of counsel. 
The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: March 5, 2008

Do not publish